**XIN YUAN ZHENG, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General,\* Respondent.**

**No. 08–2702–ag.**

United States Court of Appeals, Second Circuit.

May 6, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey in this case.

---

Joshua Bar David (Peter Lobel, on the brief), New York, N.Y., for Petitioner.

Russell Verby, Senior Litigation Counsel, Office of Immigration Litigation, Department of Justice, for Gregory Katsas, Assistant Attorney General, Civil Division, (Jamie Dowd, Senior Litigation Counsel, Ernesto H. Molina, Jr., Assistant Director, on the brief), Washington, D.C., for Respondent.

PRESENT: Hon. B.D. PARKER, Hon. RICHARD C. WESLEY, Circuit Judges, and Hon. J. GARVAN MURTHA, District Judge.**

### SUMMARY ORDER

Petitioner Xin Yuan Zheng ("Zheng") appeals from a May 7, 2008 decision of the BIA denying his appeal of the dismissal by Immigration Judge Barbara Nelson of his applications for asylum under section 208 of the Immigration and Nationality Act ("Act"), 8 U.S.C. § 1158, and withholding of removal under section 241(b)(3) of the Act, 8 U.S.C. § 1231(b)(4), and his request for protection under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts, procedural history and issues on appeal.

■ We may not review parts of agency decisions that have not addressed all the petitioner's arguments. *See Shu Ling Ni v. BIA,* 439 F.3d 177, 180 (2d Cir.2006) (remanding the case to the BIA because an IJ's failure to consider the entirety of a petitioner's claim rendered it not ripe for appellate review). Moreover, we may affirm the BIA's denial of relief "only on the basis articulated in the decision and [a court] cannot assume that the BIA considered factors that it failed to mention in its decision." *Anderson v. McElroy,* 953 F.2d 803, 806 (2d Cir.1992). Our review of the decisions of the IJ and the BIA persuades us that Zheng is correct that the IJ and the BIA failed to take account of all of his arguments regarding persecution in China.

Zheng contends that state authorities denied him the right to practice his religion on account of the warnings of imprisonment and the physical abuse he received due to his prosyletizing and that this denial constituted *per se* persecution under the Act. Neither the IJ nor the BIA adequately considered these arguments. The only indication that either adjudicator addressed them was the IJ's statement that "[t]here is no indication in the record that the respondent was unable to practice his religion other than not being permitted to prosyletize." This statement does not

---

** The Honorable J. Garvan Murtha, United States District Judge, District of Vermont, sitting by designation.

show that the IJ examined the role that prosyletizing played in Zheng's system of belief or that the IJ considered his *per se* argument.

Nonetheless, we find unconvincing Zheng's arguments that warnings received by his mother and members of his church show that he was denied the right to practice his religion, as well as his contention that he has a well-founded fear of persecution for reasons not based on his *per se* claim. This finding does not foreclose approval of Zheng's asylum or withholding of removal applications because he may have a well-founded fear of persecution or more if the BIA finds that he was persecuted in the past as a result of his prosyletizing. Zheng also fails to provide any argument on appeal in support of his contention that it was more likely than not that he would be tortured upon his return to China, consequently the argument is waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

Our remand is therefore narrow. The BIA should examine whether the denial of the right to practice one's religion is *per se* persecution under the Act. If so, it should also consider (1) whether prosyletizing was an essential part of Zheng's religious practice, and, (2) if so, whether the repeated warnings and physical coercion he received in response to his prosyletizing amounted to a denial of his right to practice his religion.

For the foregoing reasons, the petition for review is GRANTED in part and DENIED in part, and the case REMANDED for proceedings consistent with this order.